MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K.B. SLADDEN (CSBN 203307)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6962
FAX: (415) 436-6748
melissa.sladden@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | No. CV-11-1795 CRB<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER APPROVING SETTLEMENT AND DISMISSAL OF PLAINTIFF'S CLAIMS** |

Plaintiff, American Small Business League ("Plaintiff") and the defendant, United States Department of Housing and Urban Development ("Defendant"), through their undersigned counsel, enter into this Stipulation of Settlement and [Proposed] Order ("Stipulation") in order to fully resolve this litigation and Plaintiff's claim for attorneys' fees, expenses, and costs generated in connection with this litigation.

The parties agree as follows:

1. Defendant will pay to Plaintiff, by means of check made payable to American Small Business League, the amount of one-thousand six-hundred eighty-four dollars and no cents ("$1,684.00") to cover attorneys' fees, expenses and costs of all counsel pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). This payment is full and final payment for all attorneys' fees, expenses and costs. This payment is inclusive of any interest. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum as set forth herein, Plaintiff and its counsel shall be solely responsible for paying any such liability.

2. No later than ten business days after the date that the Court approves this Stipulation, Plaintiff's counsel will provide to Defendant the banking information and Tax I.D. number(s) and payment address required by Defendant to process and cause payment to be made to Plaintiff.

3. Contingent upon receipt of payment pursuant to Paragraph 1 above, Plaintiff hereby (a) releases Defendant from any past, present or future claims for attorneys' fees, expenses or costs in connection with this litigation and (b) dismisses with prejudice this litigation and all claims against Defendant relating to the FOIA request at issue in this litigation. Further, Plaintiff releases and forever discharges the Defendant, any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the processing of or the decisions relating to the FOIA requests at issue in this action styled

American Small Business League v. United States Department of Housing and Urban Development, U.S. District Court for Northern District of California, Case No. C-11-1795 CRB.

4. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, the Agreement shall be and remain effective notwithstanding such material difference.

5. The Court shall retain jurisdiction regarding enforcement of this agreement.

6. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7. No party is making an admission of liability or fault to any other party and nothing in this Stipulation shall be construed as an admission of liability or fault. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees and other litigation costs under the FOIA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving Defendant.

8. This Stipulation may be pled as a full and complete defense to any action or other proceeding in which any party seeks attorneys' fees, expenses or costs generated in this litigation.

9. Plaintiff and its current counsel expressly agree that neither it nor any of its

current or former attorneys may make any claim for attorneys' fees, expenses or costs generated in this litigation against Defendant, the United States, their agents, servants or employees.

10. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

11. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

12. The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

13. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Respectfully submitted,

DATED: June 9, 2011 By: _____/s/________________________
ROBERT BELSHAW
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

DATED: June 9, 2011 By: _____/s/ ________________________
MELISSA BROWN SLADDEN
Assistant United States Attorney
Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

DATED: June 15, 2011 ________________________
HON. CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Charles R. Breyer
NORTHERN DISTRICT OF CALIFORNIA